UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
 :
NNAMDI CHIZUBA ANISIOBI, *pro se*, :
 :
                Petitioner, :   **MEMORANDUM & ORDER**
 :   10-CV-3595 (DLI)
        -against- :
 :
UNITED STATES OF AMERICA, :
 :
                Respondent. :
 :
 :
------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

Nnamdi Chizuba Anisiobi ("Petitioner") filed the instant action, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255 vacating his sentence on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel during his plea allocution, sentencing, and appeal. (*See* Petitioner ("Pet."), Doc. Entry No. 1.) The government opposes the Petition in its entirety. (*See* Respondent's Opposition ("Opp."), Doc. Entry No. 6.) For the following reasons, the Petition is denied and the action is dismissed with prejudice.

## BACKGROUND

Petitioner participated in an advance fee scheme through which he and his co-conspirators promised victims large sums of money in return for their payment of up-front fees. The conspirators took money from the victims for these fees and never paid them the promised sums. For his involvement, Petitioner was charged with various counts of mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343, respectively, and conspiracy to commit such crimes, in violation of 18 U.S.C. § 371.

Petitioner and the government arranged for a plea agreement wherein Petitioner agreed to plead guilty to ten counts of the indictment, including one count of conspiracy (18 U.S.C. § 371), eight counts of wire fraud (18 U.S.C. § 1343), and one count of mail fraud (18 U.S.C. § 1341). (*See* Plea Agreement, Opp. Ex. 1, ¶ 1.) The agreement specified that under the advisory United States Sentencing Guidelines ("U.S.S.G."), Petitioner faced 87-108 months of imprisonment and that the government would seek an additional one level reduction for timely acceptance of responsibility resulting in a range of 70-87 months. (*Id*. ¶ 2.) The parties agreed that this sentencing calculation reflected the government's intent to prove that Petitioner, in committing the crimes charged, misrepresented himself as acting on behalf of the government, and that Petitioner was free to argue against this allegation at his sentencing. (*Id*. ¶ 4.) The agreement specified further that, under federal law, neither the Probation Department nor the sentencing court would be bound by the advisory sentencing guideline range ("SGR") stipulated to by the parties in the plea agreement. (*Id*. ¶ 3.) Notably, the agreement also stipulated that:

> The [Petitioner] agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 108 months or below. This waiver is binding without regard to the sentencing analysis used by the Court.

(*Id*. ¶ 4.) Petitioner and counsel for both parties signed the agreement before the court on January 30, 2008. (*Id*. ¶ 12.)

Prior to the parties' execution of the agreement, Petitioner's counsel wrote him a letter strongly urging him to plead guilty pursuant to the agreement and explaining the sentencing outcomes that would flow from his decision to either plead guilty pursuant to the plea agreement, or to plead guilty to the indictment, as well as the sentencing range he would face if convicted after a trial. (*See* Defense Counsel Letter dated Dec. 21, 2007, attached as Ex. 2 to Opp.) In

particular, defense counsel explained that: (1) under the agreement, Petitioner faced a SGR of either 57-71 months or 70-87 months, depending on whether the court found that Petitioner misrepresented himself as acting on behalf of the government; (2) by pleading guilty to the indictment he faced a SGR of 168-210 months; and (3) if he was convicted after trial by a jury, he faced a SGR of 210-262 months. (*Id*.) Thus, Petitioner signed the agreement with the benefit of this advice from counsel.

Petitioner pled guilty before a magistrate judge, who, *inter alia*, explained the terms of the plea agreement, the punitive consequences of pleading guilty, and the specific constitutional rights that Petitioner waived thereunder, including his right to appeal the sentence if the court sentenced him to 108 months of imprisonment or less. (Plea Allocation Transcript ("Plea Tr.") at 7-11, 13, 17.) He also was asked and Petitioner specifically responded that he was satisfied with his counsel's representation. (*Id*. at 7.) He also stated that prior to signing the plea agreement he read it, understood it, and discussed it with counsel. (*Id*. at 12.) In a memorandum of law submitted prior to sentencing, Petitioner's counsel argued for a reduced sentence under various theories. (*See generally* Sentencing Memorandum of Nnamdi Chizuba Anisiobi ("Sentencing Memo."), attached as Ex. 3 to Opp.) Petitioner's counsel made various arguments in favor of a reduced sentence during the sentencing hearing held before this Court. The Court determined that the advisory SGR was 70-87 months. The Court sentenced Petitioner to a term of imprisonment of 87 months, which was within the advisory SGR determined by the court and the range of sentences set forth in the plea agreement.

Petitioner filed a direct appeal challenging the waiver of appeal, which the Second Circuit denied. *See United States v. Anisiobi*, App. No. 09-CR-1476 (2d Cir. Jan. 14, 2010) (granting government's motion to dismiss). Petitioner then filed the instant action, contending that

counsel's performance was deficient as counsel in that counsel: (1) misled him into entering a plea that was not knowing and voluntary; (2) did not sufficiently argue that the Court's loss calculation was incorrect because some of the loss did not have a sufficient causal link to Petitioner; (3) did not sufficiently argue against a two-level sentence enhancement for a leadership role; (4) did not argue that the Court was applying an incorrect loss calculation that double counted loss by including actual and intended loss; (5) did not argue that there was an unlawful sentence disparity both between Petitioner and his co-conspirators, and between Petitioner and other similarly-situated defendants; (6) did not argue that Petitioner's status as a non-citizen would lead to harsh "collateral consequences"; (7) did not argue for a downward departure due to the Court's application of intended loss at sentencing; and (8) did not raise the above arguments in Petitioner's direct appeal. (Pet. at 4.)

## DISCUSSION[1]

### I. Petitioner Waived his Right to Seek Habeas Relief

In general, the Second Circuit rejects attempts to challenge a conviction when a petitioner waived that right pursuant to a written plea agreement. *See Garcia-Santos v. United States*, 273 F. 3d 506, 508-09 (2d Cir. 2001) (*per curiam*); *United States v. Pipitone*, 67 F. 3d 34, 39 (2d Cir. 1995). Courts have also enforced such waivers when a petitioner agrees, pursuant to a written plea agreement, not to challenge a sentence within a stipulated U.S.S.G. range. *See Garcia-Santos*, 273 F. 3d at 507-09 (holding a petitioner's waiver of appeal and collateral attack binding in a Section 2255 proceeding where the imprisonment term was within the stipulated guideline

---

[1] In reviewing petitioner's motion, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

range); *Pipitone*, 67 F. 3d at 39 (holding that a petitioner's "explicit undertaking in the [Plea] Agreement not to appeal a sentence that fell within [the] guideline range," within which he was ultimately sentenced, precluded him from both directly appealing or collaterally challenging his sentence).

Here, the record is clear that Petitioner knowingly, intelligently and voluntarily executed the written Plea Agreement and waived his right to seek *habeas* relief. (*See* Plea Tr. at 7-11, 13, 17.) By entering into the plea agreement, Petitioner explicitly agreed to "not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 108 months or below." (Plea Agreement at ¶ 4.) Notably, Petitioner stated to the magistrate judge, under oath, that he understood that agreement. (Plea Tr. at 12.) As Petitioner ultimately received a sentence of 87 months of imprisonment, which was below the waiver of appeal threshold stipulated in his Plea Agreement, Petitioner waived his right to challenge his conviction and sentence.

## II. Petitioner's Claim of Ineffective Assistance of Counsel is Without Merit

Petitioner seeks to circumvent the waiver of his right to appeal by raising claims of ineffective assistance of counsel. The Second Circuit has held that "a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel." *United States v. Hernandez*, 242 F. 3d 110, 113-14 (2d Cir. 2001) (citing *United States v. Djelevic*, 161 F. 3d 104, 107 (2d Cir. 1998)). Therefore, a waiver is not enforceable if a defendant can demonstrate that he unknowingly or involuntarily agreed to the plea directly due to the ineffective assistance of his counsel. *See Hernandez*, 242 F. 3d at 113-14.

The court evaluates Petitioner's claim of ineffective assistance of counsel under the framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 687-88. If that burden is overcome, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Petitioner cannot establish that his attorney provided ineffective assistance. Petitioner's first claim—that counsel misled him into entering a plea that was not knowing or voluntary—must fail. As set forth above, the record indicates that Petitioner's guilty plea was knowing and voluntary. Petitioner's claim that his plea was not entered into knowingly, voluntarily or intelligently because counsel failed to properly advise him of the consequences of his plea is also meritless as he stated otherwise under oath during his plea allocution. *See United States v. Gonzalez*, 647 F. 3d 41, 56-57 (2d Cir. 2011) (noting that in the context of determining the voluntariness of a plea, "[a] defendant's bald statements that simply contradict what he said at his plea allocation are not sufficient grounds to withdraw [the] guilty plea" (citations and internal quotation marks omitted)); *United States v. Torres*, 129 F. 3d 710, 715 (2d Cir. 1997) (rejecting appellant's claim that his attorney coerced him into accepting a guilty plea as "statements at a plea allocation carry a strong presumption of veracity" and "his unequivocal admissions under oath contradict his unsupported assertions of pressure" (citations omitted)); *Pringle v. United States*, 2011 WL 3792820, at *3 (S.D.N.Y. Aug. 25, 2011) (" '[I]n the absence of any credible evidence to the contrary, the court is permitted to rely upon the defendant's sworn statements,

made in open court, that: his plea was knowing and voluntary . . . [,] he discussed the plea with his attorney, he knew that he could not withdraw the plea, he knew that no promises had been made except those contained in the plea agreement, and he was satisfied with the advice of counsel.' " (quoting *Soler*, 289 F. Supp. 2d at 216)).

The Court must dismiss claims two through eight—claims challenging counsel's representation during sentencing and on direct appeal—as Petitioner knowingly, intelligently, and voluntarily waived his right to raise these claims directly and he may not now circumvent that waiver by challenging his sentence on Sixth Amendment grounds. *See, e.g.*, *United States v. Djelevic*, 161 F. 3d 104, 107 (2d Cir. 1998) (*per curiam*) (affirming defendant's conviction and sentence on appeal because "[i]f we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless"). Moreover, Petitioner's claims are not supported by the record. Accordingly, the Court is satisfied that counsel's performance was neither deficient nor prejudicial to Petitioner.

## CONCLUSION

For the foregoing reasons, Petitioner's habeas claim is dismissed with prejudice. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       May 22, 2012

                                            /s/
                                  DORA L. IRIZARRY
                              United States District Judge